MAGISTRATE JUDGE Alexander

UNITED STATES DISTRICT COURT FILED
FOR THE DISTRICT OF MASSACHUSETTS CLERKS OFFICE

2007 APR 10 P 1:31

U.S. DISTRICT COURT
DISTRICT OF MASS.

)
SHAWN MASCIARELLI,            )
                             )
        Plaintiff,           )
                             )   Civil Action No.
v.                           )
                             )07 CA 10702 JLT
RICHARD J. BOUDREAU &        )
ASSOCIATES, LLC,             )
and JOHN DOE                 )
                             )
        Defendants.          )
                             )

RECEIPT # 350.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK JF
4/11/2007

**COMPLAINT**

**INTRODUCTION**

The plaintiff, Shawn Masciarelli, brings this action under the Fair Debt Collection
Practices Act ("FDCPA") against the debt collectors Richard J. Boudreau & Associates,
LLC and its employee collector. The defendants used false threats and statements, and
harassed the plaintiff, in an attempt to collect a debt. The plaintiff brings this action for
actual damages, statutory damages, and other relief against the defendants.

**PARTIES**

1.    Plaintiff Shawn Masciarelli is an individual consumer residing in Leominster,
Massachusetts.

2.    Defendant Richard J. Boudreau & Associates, LLC ("Boudreau") is a domestic
limited liability company with a office at 77 Main Street, Andover, MA, 01810.
Boudreau's registered agent in the Commonwealth of Massachusetts is Richard J.
Boudreau, 77 Main Street, Andover, MA, 01810.

3.      Boudreau is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts. Boudreau regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts. Boudreau is a debt collector as defined by 15 U.S.C. § 1692a(6).

4.      On information and belief, Defendant John Doe is an individual collector employed by Boudreau. On information and belief, Mr. Doe regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      Venue in this district is proper as the plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

7.      At all times relevant hereto, the defendant was attempting to collect an alleged debt from the plaintiff (hereinafter "debt").

8.      The debt was incurred by the plaintiff for personal, family, or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

9.      In March, 2007, the defendant's employee collector, defendant John Doe, (hereinafter "collector") called the plaintiff.

2

10. The collector was, at all relevant times, acting within the scope of his employment and with actual or apparent authority from the defendant.

11. The collector attempted to collect a debt from the plaintiff.

12. The plaintiff offered to pay the maximum he could afford in monthly payments to the defendant until the debt was paid off.

13. The collector argued with the plaintiff and told him that unless he paid more that the defendant would garnish $150 per week from his paycheck.

14. The plaintiff told the collector that he had to talk to his wife and would need to call him back.

15. The defendant called the plaintiff back at least two times that same day.

16. Later that day the collector called the plaintiff and left him a voice mail message.

17. The collector stated that the plaintiff should call him the next morning.

18. The collector stated that if he didn't hear from the plaintiff he would contact the plaintiff's payroll department.

19. The collector stated that if he didn't hear from the plaintiff he would consider it to mean that the plaintiff wanted him to contact his payroll department.

20. The next day the collector called the plaintiff again and argued with the plaintiff about the debt.

21. The plaintiff offered to make the same payment as before.

3

22.     The collector threatened to garnish the plaintiff's wages several times during the telephone conversation.

23.     The collector also stated that if he did not hear back from the plaintiff by 4:00 p.m. that day he would interpret this as permission to garnish the plaintiff's wages and would will talk to the plaintiff's payroll department on the next Monday.

24.     As a result of the defendants' conduct, the plaintiff has suffered emotional distress and other damages.

## CLAIM FOR RELIEF
### Count I
### Violation of the Fair Debt Collection Practices Act

25.     Plaintiff incorporates and realleges the foregoing paragraphs.

26.     The defendants made false, deceptive, and misleading statements in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(10).

27.     The defendants threatened to take action that could not legally be taken or that it did not intend to be take in violation of 15 U.S.C. § 1692e(5).

28.     The natural consequence of the defendants' conduct was to harass, oppress, or abuse the plaintiff in violation of 15 U.S.C. § 1692d.

29.     The defendants caused the plaintiff's telephone to ring or engaged the plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass the plaintiff in violation of 15 U.S.C. § 1692d(5).

30.     The defendants actions caused the plaintiff actual damages.

4

31.    Pursuant to 15 U.S.C. § 1692k, the plaintiff asks the Court to award her statutory damages of $1,000, actual damages, declaratory relief the defendants' conduct violated the FDCPA, reasonable attorney's fees, and the costs of this action.

WHEREFORE, the plaintiff, Shawn Masciarelli, respectfully requests that this Court:

A. Enter judgment for the plaintiff against the defendants for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff against the defendants for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Enter judgment Declaring the defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

D. Award the plaintiff reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

E. Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 9th day of April, 2007.

SHAWN MASCIARELLI,
by his attorney,

5

Nicholas F. Ortiz, BBO# 655135
306 Dartmouth Street
Suite 501
Boston, MA 02116
(617) 716-0282